**Opinion filed July 23, 2026**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-25-00095-CR & 11-25-00097-CR

_____

## MICHAEL RICHARD WALESKI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C240840CR & B240171CR**

---

### M E M O R A N D U M   O P I N I O N

Appellant, Michael Richard Waleski, pled guilty to (1) continuous violence against the family in trial court cause no. C240840CR, a third-degree felony, and (2) violating a protective order twice within twelve months in trial court cause no. B240171CR, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 25.11(e), 25.072(e) (West Supp. 2025). Pursuant to the terms of negotiated plea agreements between Appellant and the State, the trial court sentenced Appellant to ten years'

confinement in the Institutional Division of the Texas Department of Criminal Justice in each cause number but suspended the imposition of that sentence and placed Appellant on community supervision for ten years.

The State subsequently, for a second time,[1] moved to revoke Appellant's community supervision in each cause, alleging the same three violations: (1) Appellant failed to abstain from alcohol in violation of Rule (b) of his rules of community supervision; (2) Appellant failed to stay out of an establishment where 51% or more of their revenue is derived from the sale of alcohol beverages in violation of Rule (c) of his rules of community supervision; and (3) Appellant committed the offense of assault in violation of Rule (a) of his rules of community supervision. *Lang v. State*, No. 05-10-01110-CR, 2012 WL 1074941, at *1 (Tex. App.—Dallas Mar. 28 2012, no pet.) (mem. op., not designated for publication). At a hearing on the State's motions, Appellant pled "true" to the first allegation and "not true" to the second and third allegations. Upon the conclusion of the hearing, and having considered the evidence presented, the trial court found the first and second allegations in the State's motions to be "true," revoked Appellant's community supervision in each cause, and imposed a nine-year term of confinement in the Institutional Division of the Texas Department of Criminal Justice in each cause.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008).

---

[1]In previously filed motions to revoke, the State alleged Appellant committed a new offense, namely, assault. The State subsequently withdrew its motions following the agreed placement of Appellant into the Intensive Supervision Program of the Ector County Community Supervision and Corrections Department.

Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and copies of the clerk's and reporter's records. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant did not file a response to counsel's *Anders* brief in either appeal. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the brief and the record in each cause, and we conclude that these appeals are without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

Here, the evidence presented at the hearing, although contested, is sufficient to support the trial court's findings of "true" of allegation one in each cause. *See Rickels*, 202 S.W.3d at 764. Appellant pled true to drinking alcohol in violation of his community supervision conditions, Appellant thereafter testified that he drank alcohol, and his probation officer testified the same. It is well-settled that proof of only a single violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd).

Additionally, at the start of the revocation hearing, though Appellant briefly challenged the reasonableness of his community supervision conditions prohibiting alcohol consumption and precluding entry of an establishment where 51% or more of their revenue is derived from the sale of alcohol, absent exceptions inapplicable here, "an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision." *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013); *Hernandez v. State*, No. 11-20-00239-CR, 2022 WL 2252425, at *3 (Tex. App.—Eastland June 23, 2022, no pet.). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist in either cause.[2] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

However, we note that the trial court's judgments contain nonreversible errors. Appellant pled "true" to allegation one and "not true" to allegations two and three in the State's motion, but the trial court's judgment in each cause erroneously recites that Appellant pled "true" to all allegations. We have the authority to modify and reform the trial court's judgments so that they speak the truth. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgments to recite that Appellant pled "true" to allegation one and "not true" to allegations two and three.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court as modified.


W. BRUCE WILLIAMS
JUSTICE


July 23, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.